ACCEPTED
06-14-00225-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/13/2015 4:07:49 PM
DEBBIE AUTREY
CLERK

**CAUSE NO. 06-14-00225-CR**
**CAUSE NO. 06-14-00226-CR**
**CAUSE NO. 06-14-00227-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/13/2015 4:07:49 PM
DEBBIE AUTREY
Clerk

**THE COURT OF APPEALS**
**FOR THE SIXTH JUDICIAL DISTRICT**
**AT TEXARKANA**

_____

**ELIZABETH MENDOZA**
**APPELLANT,**

**V.**

**THE STATE OF TEXAS,**
**APPELLEE.**

_____

**CRIMINAL  DISTRICT COURT #6**
**DALLAS COUNTY, TEXAS**
**NO. F12-61870-X; F13-34344-X; F13-40734-X**

_____

# APPELLANT'S BRIEF

_____

**BRUCE ANTON**
**STATE BAR NO. 01274700**

**SORRELS, UDASHEN & ANTON**
**2311 Cedar Springs Road**
**Suite 250**
**Dallas, Texas 75201**
**214/468-8100**
**214/468-8104 - fax**
**ba@sualaw.com**

**Attorney for Appellant**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ....................................................................................... **ii**

**IDENTITY OF PARTIES AND COUNSEL** ........................................................ **iii**

**INDEX OF AUTHORITIES** ..................................................................... **iv-vi**

**PROCEDURAL STATEMENT OF THE CASE (CHRONOLOGY)** ............................................................................ **vii**

**STATEMENT OF FACTS** .................................................................... **1**

**POINT OF ERROR NUMBER ONE** .................................................... **2**

    **Relevant Facts** .......................................................................... **2**
    **Reformation of Judgment** ...................................................... **2**

**PRAYER** ............................................................................................ **2**

**CERTIFICATE OF SERVICE** ......................................................... **3**

## IDENTITIES OF PARTIES

| | |
|---|---|
| APPELLANT | Elizabeth Mendoza |
| DEFENSE COUNSEL AT TRIAL | Winston Shepherd<br>Roger Lennox |
| APPELLANT'S ATTORNEY ON APPEAL | Bruce Anton<br>Sorrels, Udashen & Anton<br>2311 Cedar Springs Rd #250<br>Dallas, Texas 75201 |
| STATE'S ATTORNEYS AT TRIAL | Josh Healy<br>Brandi Mitchell<br>Jody Warner<br>Kenna Miller<br>Caitlin Paver<br>Assistant District Attorney<br>133 N. Riverside Drive<br>Dallas, Texas 75207 |
| STATE'S ATTORNEY ON APPEAL | not yet designated |
| JUDGE | Honorable Anthony Randall<br>Magistrate Judge<br>Honorable Dorothy Shead<br>Magistrate Judge<br>Honorable Jeanine Howard<br>Criminal District Court #6<br>Dallas County, Texas |

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                              **<u>PAGE</u>**

*Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd)………2

*Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993)……………………2

*Christian v. State* _S.W.3d_, 2013 WL 5969565 (Tex.App.-Dallas,2013)……….2

*Ramirez v. State,* 336 S.W.3d 846, 852 (Tex.App.-Amarillo 2011, pet. ref'd)……2

## CODES AND RULES

Tex.R.App. P. 43.2(b) ........................................................................................6

iv

# PROCEDURAL STATEMENT OF THE CASE
## (CASE CHRONOLOGY)
### F12-61870-X

CHARGE

Aggravated assault w/deadly weapon
Offense date: October 27, 2012
Arrest date: October 27, 2012
Indictment: November 26, 2012
(CR.13)

PLEA

Guilty (RR2.8)
May 2, 2013

PLEA BARGAIN

2 years deferred probation (CR.35)

JURY WAIVED

(CR.35-36)

JUDGMENT AND SENTENCE

May 22, 2013(CR.40-41)

MOTION TO ADJUDICATE

Filed September 10, 2014 (CR.47-48,53-53)
Heard November 13, 2014

PLEA

True (CR.60-61,RR5.8)

VERDICT ON PUNISHMENT

6 years TDC (RR5.19)

JUDGMENT AND SENTENCE

November 13,2014 (CR.56-57)

MOTION FOR NEW TRIAL

Filed November 18, 2014 (CR.63)

NOTICE OF APPEAL

November 18, 2014 (CR.62)

# PROCEDURAL STATEMENT OF THE CASE
## (CASE CHRONOLOGY)
### F13-34344-X

CHARGE                                    Possession of controlled substance
                                          Less than 1 gram
                                          Offense date: March 18, 2014
                                          Arrest date: April 16, 2014
                                          Indictment: May 2, 2014(CR.7)


MOTION TO REDUCE CHARGE
TO ATTEMPTED POSSESSION                   July 2, 2014(CR.27)


PLEA                                      Guilty (CR.19)
                                          July 2, 2014


PLEA BARGAIN                              10 months deferred probation (CR.19)


JURY WAIVED                               July 2, 2104 (CR.19)


JUDGMENT AND SENTENCE                     July 2, 2014(CR.21-22)


MOTION TO ADJUDICATE                      Filed September 10, 2014(CR.36)
                                          Heard November 13, 2014


PLEA                                      True (CR. 44,RR5.8)


VERDICT ON PUNISHMENT                     1 year county jail(RR5.19)


JUDGMENT AND SENTENCE                     November 13,2014 (CR.38-39)


MOTION FOR NEW TRIAL                      Filed November 18, 2014 (CR.46)


NOTICE OF APPEAL                          November 18, 2014 (CR.47)

# PROCEDURAL STATEMENT OF THE CASE
## (CASE CHRONOLOGY)
## F13-40734-X

CHARGE                            Unauthorized use of a motor vehicle
                                  Offense date: April 10, 2012
                                  Arrest date: April 10, 2012
                                  Indictment: waived (CR.11)


PLEA                              Guilty
                                  May 2, 2013(RR2.8)


PLEA BARGAIN                      2 years deferred probation (CR.25)


JURY WAIVED                       (CR.25)


JUDGMENT AND SENTENCE             May 22, 2013 (CR.34-35)


MOTION TO ADJUDICATE              Filed September 10, 2014(CR.40-
                                  41,47-48)
                                  Heard November 13, 2014


PLEA                              True (RR5.8)


VERDICT ON PUNISHMENT             10 months State jail (RR5.20)


JUDGMENT AND SENTENCE             November 13,2014 (CR.50-51)


MOTION FOR NEW TRIAL              Filed November 18, 2014(CR.55)


NOTICE OF APPEAL                  November 18, 2014(CR.56)

**STATEMENT OF FACTS**

Elizabeth Mendoza, the appellant, was placed on probation for three separate offenses: aggravated assault with a deadly weapon, unauthorized use of a motor vehicle, and attempted possession of a controlled substance. Subsequently, the State moved to adjudicate her guilt on these offenses. Mendoza entered a plea of true to the violations in each offense and proceeded without benefit of a plea bargain. (RR5.8) After hearing testimony from Ms. Mendoza, the court revoked her probation and assessed the following punishments: in Cause No. F12-61870-X, 6 years confinement in TDC for the offense of aggravated assault; in Cause No. F13-40734-X 10 months confinement in State jail for the offense of unauthorized use of a motor vehicle; and in Cause No. F13-34344-X 10 months in the county jail for the offense of attempted possession of a controlled substance. (RR5.19-20) These appeals are taken therefrom.

**POINT OF ERROR NUMBER ONE**

**THE JUDGMENTS AND SENTENCES IN EACH CAUSE INCORRECTLY STATE THAT APPELLANT ENTERED INTO A PLEA BARGAIN AGREEMENT.**

**Relevant Facts**

Appellant Mendoza was charged in three causes: aggravated assault with a deadly weapon, unauthorized use of a motor vehicle, and attempted possession of a controlled substance. Although Mendoza entered into plea agreements for probation

1

in each cause, when the State moved to adjudicate her guilt, she entered pleas of true without benefit of a plea bargain. Nonetheless, the judgments and sentences reflect that the sentences were based upon agreed pleas.

## Reformation of Judgment

Appellate courts have the power to modify the judgment of the trial court to make the record speak the truth when the court has the necessary information to do so. Tex.R.App. P. 43.2(b). *Ramirez v. State,* 336 S.W.3d 846, 852 (Tex.App.-Amarillo 2011, pet. ref'd) (citing *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. This includes the power to correct an incorrect statement of the existence of a plea bargain. Compare *Christian v. State* ___S.W.3d___, 2013 WL 5969565 (Tex.App.-Dallas,2013).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court will reform the judgment in this case.

Respectfully Submitted,

  /s/  Bruce Anton
BRUCE ANTON
State Bar No. 01274700
Sorrels Udashen & Anton
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
214/468-8100
214/468-8104 facsimile

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Appellant's brief was served on District Attorney of Dallas County via email to dcdaappeals@dallascounty.org on the 13th day of April, 2015.

  /s/  Bruce Anton
BRUCE ANTON

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because this brief contains 896 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Times New Roman.

  /s/  Bruce Anton
BRUCE ANTON